**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYLA ROBINSON, | * | |
| | * | |
| Plaintiff, | * | Case No.   3:19-cv-818-DPJ-FKB |
| | * | |
| vs. | * | |
| | * | |
| I.C. SYSTEM, INC, | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. Plaintiff Shyla Robinson ("Plaintiff") brings this action against Defendant I.C. System, Inc ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections

of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

**PARTIES**

9. Plaintiff is a natural person who at all relevant times resided in the State of Mississippi, County of Hinds, and City of Byram.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person allegedly obligated to pay a debt.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal residential services from Comcast (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated November 19, 2018.

18. A true and correct copy of Defendant's November 19, 2018 letter is attached as Exhibit A.

3

19. Defendant's November 19, 2018 letter identified the balance of the Debt as $643.12. Exhibit A.

20. The reverse side of Defendant's November 19, 2018 letter stated, in relevant part:

> As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance.

Exhibit A.

21. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated July 12, 2019.

22. A true and correct copy of Defendant's July 12, 2019 letter is attached as Exhibit B.

23. Defendant's July 12, 2019 letter identified the balance of the Debt as $643.12. Exhibit B.

24. Despite the representations made in Defendant's November 19, 2018 letter, the balance of the Debt did not increase despite the passage of 235 days between the dates of the letters. *Compare* Exhibit A, *with* Exhibit B.

25. Whether the Debt was subject to accrual of interest or other charges is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

26. At the time it sent its November 19, 2018 letter, Defendant knew, or should have known, that interest would not accrue on the Debt.

27. Upon information and belief, Comcast knowingly and intentionally waived the right to collect interest on the Debt, as evidenced by the amount of the Debt allegedly owed remaining the same between the letters.

28. Because Defendant's November 19, 2018 letter indicated that the amount of the Debt is subject to increase, a least sophisticated consumer would infer a false time constraint, and feel compelled to pay the alleged amount sooner in order to avoid paying a greater amount.

29. Because the Debt was not subject to increase due to accrued interest, Defendant's November 19, 2018 letter has the capacity to mislead the consumer.

30. Alternatively, if interest had accrued on the Debt, Defendant's July 12, 2019 letter falsely represented the amount of the Debt by failing to accurately state the balance inclusive of interest.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

31. Plaintiff repeats and re-alleges each factual allegation above.

32. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

33. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

34. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A)

creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

35. "Specifically, where a debt balance is completely fixed, an unsophisticated consumer could read language indicating interest, late charges, and costs of recovery may cause the debt balance to vary as misleading." *Nolan v. Account Control Tech., Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *3 (W.D. Tex. Feb. 23, 2018).

36. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

37. Plaintiff repeats and re-alleges each and every factual allegation above.

38. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision,

prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

39. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

40. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 13, 2019          Respectfully submitted,

                                        s/ Curtis R. Hussey
                                        Curtis R. Hussey
                                        MSB No. 9495
                                        Hussey Law Firm, LLC
                                        82 Plantation Pointe Road, No. 288
                                        Fairhope, AL 36532-1896
                                        Telephone: (251) 928-1423
                                        Facsimile: (866) 317-2674
                                        chussey@ThompsonConsumerLaw.com
                                        Attorney for Shyla Robinson

                                        Correspondence address:
                                        5235 E. Southern Ave., D106-618
                                        Mesa, AZ 85206